MUSONDA v. STATE



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:MUSONDA v. STATE

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 MUSONDA v. STATE
2019 OK CR 1
435 P.3d 694
Case Number: F-2016-988
Decided: 01/10/2019
LUBUTO MUSONDA, Appellant v. THE STATE OF OKLAHOMA, Appellee.
Cite as: 2019 OK CR 1, 435 P.3d 694

 

 

SUMMARY OPINION

HUDSON, JUDGE:

¶1 Appellant, Lubuto Musonda, was tried by a jury and convicted in Tulsa County District Court, Case No. CF-2015-770, of Count 3: Child Abuse by Injury, in violation of 21 O.S.Supp.2014, § 843.5; Count 4: Second Degree Robbery, in violation of 21 O.S.2011, § 791; Count 5: Assault and Battery on a Police Officer, in violation of 21 O.S.2011, § 649; Count 6: Misdemeanor Assault and Battery, in violation of 21 O.S.2011, § 644; and Count 7: Cruelty to Animals, in violation of 21 O.S.2011, § 1685.[1] The jury recommended the following sentences: Count 3--ten (10) year imprisonment and a $5,000.00 fine; Count 4--seven (7) years imprisonment and a $7,000.00 fine; Count 5--one (1) year imprisonment and a $500.00 fine; Counts 6--ninety (90) days in the county jail and a $1,000.00 fine; and Count 7--ninety (90) days in the county jail and a $500.00 fine. The Honorable Kelly Greenough, District Judge, sentenced Musonda in accordance with the jury's verdicts and ordered the sentences be run consecutively.[2] The trial court further imposed various costs and fees.

¶2 Musonda now appeals, raising two (2) propositions of error before this Court:

I. THE TRIAL COURT ERRED BY NOT REQUIRING THE PROSECUTION TO DIVULGE TO THE DEFENDANT THE FINDINGS OF A PRIVATE EXPERT WITNESS, RETAINED BY THE STATE TO REBUT APPELLANT'S PLEA OF NOT GUILTY BY REASON OF INSANITY; and

II. THE TRIAL COURT SHOULD HAVE REQUIRED THE STATE TO FURNISH WHATEVER FINDINGS OR OTHER DETERMINATIONS THE STATE'S EXPERT MADE TO THE COURT FOR AN IN CAMERA DETERMINATION AS TO WHETHER THOSE FINDINGS COULD BE CONSTRUED AS EXCULPATORY TO THE DEFENDANT.

¶3 After thorough consideration of the entire record before us on appeal, including the original record, transcripts, exhibits and the parties' briefs,[3] we find that no relief is required under the law and evidence. Musonda's judgments and sentences are AFFIRMED.

¶4 Proposition I: Musonda complains the trial court erred when it denied his discovery request for any reports or statements made by the State's expert medical consultant, Dr. Shawn Roberson. Musonda argues that the trial court read too narrowly subsection (A)(1)(d) of the Oklahoma Discovery Code--22 O.S.2011, § 2002. He further challenges the trial court's determination that Dr. Roberson's unsworn statements gathered by the State in preparation of its case were "work product" and thus excluded from discovery.

¶5 Notably, Musonda fails to cite in the record where he objected to this alleged discovery violation at trial. See Bramlett v. State, 2018 OK CR 19, ¶ 27, 422 P.3d 788, 797 (failure to object at trial to alleged discovery error waived all but plain error review). This Court will not search the record to determine if Musonda properly preserved his claim for appellate review. Rule 3.5(A)(5) & (C), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2018) (requiring appellants support their arguments by citations to the authorities, statutes and relevant pages of the record); Logsdon v. State, 2010 OK CR 7, ¶ 41, 231 P.3d 1156, 1169-70 (claim is waived for failure to cite the applicable portion of the record); Stouffer v. State, 2006 OK CR 46, ¶ 126, 147 P.3d 245, 270-71 (same); Brown v. State, 1997 OK CR 1, ¶ 33, 933 P.2d 316, 324-25 (appellant's failure to make sufficient citation to the record waived his claim that State improperly withheld an investigatory report containing exculpatory evidence). Musonda has thus waived all but plain error review of this claim.

¶6 To be entitled to relief under the plain error doctrine, Musonda must show the existence of an actual error (i.e., deviation from a legal rule), that is plain or obvious, and that affects his substantial rights, meaning the error affected the outcome of the proceeding. Bramlett, 2018 OK CR 19, ¶ 23, 422 P.3d at 796. If these elements are met, this Court will correct plain error only if the error seriously affects the fairness, integrity or public reputation of the judicial proceedings or otherwise represents a miscarriage of justice. Id.; 20 O.S.2011, § 3001.1. Musonda fails to show error, plain or otherwise.

¶7 The Oklahoma Discovery Code exempts legal work product from discovery. 22 O.S.2011, § 2002(E)(3) ("[t]he discovery order shall not include discovery of legal work product of either attorney which is deemed to include legal research or those portions of records, correspondence, reports, or memoranda which are only the opinions, theories, or conclusions of the attorney or the attorney's legal staff."). However, the work product exemption is not absolute. Irrespective of the exemption, "[d]ue process requires the State to disclose exculpatory and impeachment evidence favorable to an accused." Bramlett, 2018 OK CR 19, ¶ 28, 422 P.3d at 797 (citing Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963)). See also Nauni v. State, 1983 OK CR 136, ¶ 31, 670 P.2d 126, 133 ("the work-product privilege may not be applied in derogation of a criminal defendant's constitutional rights to disclosure of evidence favorable to the defendant").

¶8 In the present case, the State's conversations with Dr. Roberson were not discoverable under state law. Dr. Roberson was a consulting expert for the State. He was never retained as or endorsed as a fact witness. Moreover, he never examined or spoke with Musonda. While he reviewed Musonda's expert's notes, Dr. Roberson never generated any reports or findings. Nor were the State's conversations with Dr. Roberson recorded or memorialized in a report. Dr. Roberson's role as a consulting expert thus did not produce a discoverable species of evidence. Rather, his involvement in the case was purely limited to aiding the State in trial preparation. The conversations had between the State and Dr. Roberson therefore fell within the work product exception. Cf. Ellison v. Gray, 1985 OK 35, ¶ 7, 702 P.2d 360, 363 ("The opinion work product area is carved out to protect the right of counsel to privacy in the analysis and preparation of the client's case.").

¶9 Moreover, there is no indication from the record that a Brady violation occurred in this case. During the pre-trial discovery hearing, the State repeatedly acknowledged its ethical duty to disclose exculpatory evidence and assured the trial court that there was nothing exculpatory. We must presume that the prosecutor, as an officer of the court, adhered to her oath and nothing exculpatory was borne out of the State's consultation with Dr. Roberson. Brown, 1997 OK CR 1, ¶ 33, 933 P.2d at 325.

¶10 Musonda fails to show error, let alone plain error, in the trial court's denial of his discovery request. Proposition I is denied.

¶11 Proposition II: Musonda argues the trial court, at the very least, should have conducted an in camera review of Dr. Roberson's findings to determine if these materials contained anything exculpatory in nature. Given that Dr. Roberson did not evaluate Musonda or prepare a report containing any findings, we assume Musonda contends the State should have been made to produce any notes it generated from its consultation with Dr. Roberson for the trial court's review.

¶12 Again, Musonda's failure to object at trial to the alleged discovery error waived all but plain error review of this claim. Bramlett, 2018 OK CR 19, ¶ 27, 422 P.3d at 797. Musonda fails to show error, plain or otherwise, occurred. As previously observed in Proposition I, the prosecutor clearly acknowledged her ethical duty to disclose exculpatory evidence and assured the trial court that there was nothing "exculpatory in any way" in its communications with Dr. Roberson. Given that there is nothing in the record indicating a Brady violation occurred, we must presume the prosecutor, as an officer of the court, adhered to her oath. Musonda's mere speculation is insufficient to overcome this presumption and cause reversal. See Fairchild v. State, 1999 OK CR 49, ¶ 93, 998 P.2d 611, 629-30 ("The Appellant presents nothing beyond mere rank speculation to support this argument factually. Absent some showing of harm, we find no relief is warranted."). Musonda's Proposition II is therefore denied.

DECISION

¶13 The Judgments and Sentences of the District Court are AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2019), the MANDATE is ORDERED issued upon the delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF TULSA COUNTY
THE HONORABLE KELLY GREENOUGH, DISTRICT JUDGE

 

 
 
 APPEARANCES AT TRIAL
 APPEARANCES ON APPEAL
 
 
  
  
 
 
 LARRY EDWARDS
 NEAL B. KIRKPATRICK
 
 
 ATTORNEY AT LAW
 2021 S. LEWIS, STE. 335
 
 
 601 S. BOULDER, STE. 1305
 TULSA, OK 74104
 
 
 TULSA, OK 74119
 COUNSEL FOR APPELLANT
 
 
 COUNSEL FOR DEFENDANT
  
 
 
  
  
 
 
 ANDREA BROWN
 MIKE HUNTER
 
 
 KATIE KOLJACK
 OKLA. ATTORNEY GENERAL
 
 
 ASST. DISTRICT ATTORNEYS
 WILLIAM R. HOLMES
 
 
 500 S. DENVER, STE. 900
 ASST. ATTORNEY GENERAL
 
 
 TULSA, OK 74013
 313 N.E. 21ST STREET
 
 
 COUNSEL FOR THE STATE
 OKLAHOMA CITY, OK 73105
 
 
  
 COUNSEL FOR APPELLEE
 
 

 

OPINION BY: HUDSON, J.
LEWIS, P.J.: CONCUR 
KUEHN, V.P.J.: CONCUR 
LUMPKIN, J.: CONCUR 
ROWLAND, J.: CONCUR 

FOOTNOTES

[1] The jury acquitted Musonda on Counts 1 and 2--First Degree Burglary and Attempted Kidnapping, respectively. As to Count 4, Musonda was originally charged with Robbery by Force or Fear, but the jury rejected the original charge and convicted him of the lesser included offense of Second Degree Robbery.

[2] Musonda must serve eighty-five (85) percent of his Count 3 sentence before becoming eligible for parole. 21 O.S.Supp.2014, § 13.1(14).

[3] On December 13, 2017, this Court granted Musonda an extension of time to file his reply brief. The final due date for filing this brief was December 19, 2017. Musonda tendered his reply brief for filing on December 20, 2017. An application to file the reply brief out of time was not contemporaneously filed with the reply brief. Thus, Musonda's reply brief is ordered STRICKEN as it is not properly before the Court. See Rule 3.4, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2018).

 






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 2006 OK CR 46, 147 P.3d 245, STOUFFER v. STATE
Discussed
 2010 OK CR 7, 231 P.3d 1156, LOGSDON v. STATE
Discussed
 2018 OK CR 19, 422 P.3d 788, BRAMLETT v. STATE
Discussed at Length
 1999 OK CR 49, 998 P.2d 611, Fairchild v. State
Discussed
 1983 OK CR 136, 670 P.2d 126, NAUNI v. STATE
Discussed
 1997 OK CR 1, 933 P.2d 316, Brown v. State
Discussed at Length
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1985 OK 35, 702 P.2d 360, 56 OBJ 1032, Ellison v. Gray
Discussed
Title 20. Courts
 Cite
Name
Level

 20 O.S. 3001.1, Setting Aside Judgment on Ground of Misdirection of Jury or Error in Pleading or Procedure
Cited
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 13.1, Required Service of Minimum Percentage of Sentence - Offenses Specified
Cited
 21 O.S. 1685, Acts of Cruelty to Animals
Cited
 21 O.S. 843.5, Abuse, Neglect, Exploitation, or Sexual Abuse of Child - Penalties
Cited
 21 O.S. 644, Punishment for Assault and Battery
Cited
 21 O.S. 649, Assault and Battery Upon Police Officer, Sheriff, etc. - Penalties
Cited
 21 O.S. 791, Definition of Robbery
Cited
Title 22. Criminal Procedure
 Cite
Name
Level

 22 O.S. 2002, Disclosure of Evidence by State and Defendant - Duty of Disclosure - Time of Discovery - Regulation - Cost of Copying, etc.
Discussed


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA